# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### February 13, 2013 Session

## JOHN E. ALLEN, JR. v. STATE OF TENNESSEE

### Appeal from the Circuit Court of Grundy County
### No. 3700    Buddy D. Perry, Judge

### No. M2012-01732-CCA-R3-PC - Filed March 11, 2013

In June 2003, John E. Allen, Jr. ("the Petitioner") pleaded nolo contendere to one count of criminal attempt to commit aggravated sexual battery and received a six-year sentence. More than eight years later, he filed a petition for post-conviction relief. The State sought dismissal on statute of limitations grounds. The post-conviction court summarily dismissed the Petitioner's claim for relief, and this appeal followed. The Petitioner's sole argument on appeal is that our supreme court's decision in Ward v. State, 315 S.W.3d 461 (Tenn. 2010), should be applied retroactively. We affirm the judgment of the post-conviction court.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment
### of the Circuit Court Affirmed

JEFFREY S. BIVINS, J., delivered the opinion of the Court, in which JERRY L. SMITH and ROBERT W. WEDEMEYER, JJ., joined.

Phillip L. Davidson, Nashville, Tennessee, for the appellant, John E. Allen, Jr.

Robert E. Cooper, Jr., Attorney General and Reporter; Rachel Harmon, Assistant Attorney General; Victor S. Johnson III, District Attorney General; and Steven H. Strain, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

### Factual and Procedural Background

The Petitioner pleaded nolo contendere to one count of criminal attempt to commit aggravated sexual battery on June 16, 2003, and the trial court sentenced the Petitioner to six years in the Tennessee Department of Correction, suspended to probation. The judgment of conviction document, which contains the Petitioner's signature, indicates that, "[p]ursuant to 39-13-524 the defendant is sentenced to community supervision for life following sentence

expiration." The record reflects no attempt by the Petitioner to appeal from his judgment of conviction, and, therefore, it became final on July 16, 2003. The Petitioner's probation was revoked on February 14, 2005.

On June 28, 2011, almost eight years after his judgment of conviction became final, the Petitioner filed a petition for post-conviction relief seeking to set aside his plea as unknowing and involuntary "because he was not explained the parameters and consequences of what community supervis[ion] for life meant which is a form of punishment." In his petition, the Petitioner also alleged that he "was not fully aware of the direct consequences of his guilty [plea] insofar as the lifetime supervision required" by statute.

The State responded with a motion to dismiss on the grounds that the petition was barred by the statute of limitations. The Petitioner then filed a brief in which he referred to our supreme court's decision in Ward v. State, 315 S.W.3d 461 (Tenn. 2010). The State filed a brief asserting that Ward did not toll the statute of limitations. On May 25, 2012, the post-conviction court filed a comprehensive memorandum opinion in which it opined that Ward did not operate to toll the statute of limitations. By written order filed July 23, 2012, the trial court dismissed the Petitioner's claim for relief for the reasons set forth in its memorandum opinion. This appeal followed. The sole issue before us is whether Ward applies retroactively to toll the running of the statute of limitations applicable to the Petitioner's claim for relief.

**Analysis**

By statute, post-conviction petitioners have one year to file their claim for relief, commencing from "the date of the final action of the highest state appellate court to which an appeal is taken or, if no appeal is taken, [from] the date on which the judgment became final, *or consideration of the petition shall be barred*." Tenn. Code Ann. § 40-30-102(a) (2006) (emphasis added). As relevant to this case, this one-year statute of limitations may be subject to tolling when "[t]he claim in the petition is based upon a final ruling of an appellate court establishing a constitutional right that was not recognized as existing at the time of trial, if retrospective application of that right is required." Id. § 40-30-102(b)(1). The Petitioner contends that our supreme court's decision in Ward v. State, 315 S.W.3d 461 (Tenn. 2010), established such a right and must be applied retroactively, therefore entitling him to toll the one-year statute of limitations.

In Ward, our supreme court held that, when a trial court accepts a guilty plea to certain enumerated crimes, including attempt to commit aggravated sexual battery, the trial court has "an affirmative duty to ensure that [the] defendant is informed and aware of the lifetime supervision requirement prior to accepting" the defendant's guilty plea. Id. at 476. The Petitioner contends that the trial court did not satisfy this duty and that, because Ward must

be applied retroactively, the post-conviction statute of limitations must be tolled, and he must be allowed to challenge the validity of his guilty plea under Ward.

We disagree. This Court previously has addressed this exact argument and concluded that Ward does not apply retroactively to toll the running of the one-year statute of limitations applicable to petitions for post-conviction relief. See Derrick Brandon Bush v. State, No. M2011-02133-CCA-R3-PC, 2012 WL 2308280, at *9 (Tenn. Crim. App. June 15, 2012), perm. appeal granted (Tenn. Oct. 17, 2012). Although our supreme court has granted review of our decision in Derrick Brandon Bush, we continue to adhere to our holding in that case for the reasons set forth therein. Accordingly, the Petitioner is not entitled to have the applicable statute of limitations tolled on the basis of our supreme court's decision in Ward.

The State argues that, in the alternative, the Petitioner also is not entitled to tolling on due process grounds. We need not address this issue because the Petitioner has not raised or addressed it. Therefore, this issue is waived. See Walsh v. State, 166 S.W.3d 641, 645 (Tenn. 2005) ("Issues not addressed in the post-conviction court will generally not be addressed on appeal.").

## Conclusion

We affirm the judgment of the post-conviction court dismissing the Petitioner's claim for post-conviction relief.

_____
JEFFREY S. BIVINS, JUDGE